**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

IRONWORKS PATENTS, LLC,

Plaintiff,

v.

COOLPAD TECHNOLOGIES INC.,

Defendant.

Case No.

COMPLAINT FOR PATENT INFRINGEMENT AND JURY TRIAL DEMANDED

## COMPLAINT

This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, against Defendant Coolpad Technologies Inc. ("Coolpad" or "Defendant") that relates to two U.S. patents owned by Ironworks Patents, LLC ("Ironworks" or "Plaintiff"): 6,850,150 and 9,521,269 (together, the "Patents-in-Suit").

## PARTIES

1. Plaintiff Ironworks is a limited liability company organized under the laws of the State of Illinois, with an office at 125 S. Clark St., 17th Floor, Chicago, Illinois 60603.

2. Defendant Coolpad Technologies Inc. is a Delaware corporation with a principal place of business at 6175 Main St., Suite 290, Frisco, Texas 75034.

3. Coolpad makes, uses, imports, sells, and offers for sale wireless mobile devices including smartphones, smartwatches, and related connected devices.

## JURISDICTION AND VENUE

4. This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*., and more particularly 35 U.S.C. § 271.

5. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

6. Coolpad is subject to this Court's general personal jurisdiction pursuant to due process because it is headquartered in the Eastern District of Texas at 6175 Main St., Suite 290, Frisco, Texas 75034. Coolpad has conducted substantial business in this District, including: (i) having solicited business in the State of Texas, transacted business within the State of Texas, and attempted to derive financial benefit from residents of the State of Texas in this District, including benefits directly related to the instant patent infringement causes of action set forth herein; (ii) having placed its products and services into the stream of commerce throughout the United States and having been actively engaged in transacting business in Texas and in this District, and (iii) having committed the complained of tortious acts in Texas and in this District.

7. Coolpad, directly and/or through subsidiaries and agents (including distributors, retailers, and others), makes, imports, ships, distributes, offers for sale, sells, uses, and advertises (including offering products and services through its website, https://coolpad.us as well as other retailers) its products and/or services in the United States, the State of Texas, and the Eastern District of Texas. Coolpad, directly and/or through its subsidiaries and agents (including distributors, retailers, and others), has purposefully and voluntarily placed one or more of its infringing products and/or services, as described below, into the stream of commerce with the expectation that they will be purchased and used by consumers in the Eastern District of Texas. These infringing products and/or services have been and continue to be purchased and used by consumers in the Eastern District of Texas. Coolpad has committed acts of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

8. Venue is proper in this District under 28 U.S.C. §1400(b), which provides that "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Venue is proper as to Coolpad because it has committed acts of infringement in the Eastern District of Texas and has a regular and established place of business in the Eastern District of Texas at 6175 Main St., Suite 290, Frisco, Texas 75034.

**BACKGROUND FACTS REGARDING THE IRONWORKS PATENTS**

9. Ironworks is the owner of record and assignee of each of U.S. Patent Nos. 6,850,150 ("the '150 Patent") and 9,521,269 ("the '269 Patent") (together, the "Patents-in-Suit").

10. The '150 Patent was originally filed by, and assigned to, Nokia Mobile Phones Ltd. ("Nokia"). The '269 Patent is a continuation of a continuation application filed by Nokia.

11. Nokia is a Finnish multinational communications and information technology company, and at one time was the world's largest producer of mobile phones.

12. For example, the world's first mobile phone satellite call was made on a Nokia phone.

13. For more than 20 years, Nokia has defined many of the fundamental technologies used in virtually all mobile devices and taken a leadership role in standards setting. As a result, Nokia owns a leading share of essential patents for GSM, 3G radio and 4G LTE technologies. These, together with other Nokia patents for Wi-Fi and video standards, form the core of Nokia's patent portfolio.

14. Nokia spends a significant amount of revenue on research and development. For example, Nokia invested about 4.9 billion euros in research and development in 2011 and 2016.

Between 1984 and 2014, Nokia invested more than 50 billion euros to create a portfolio of 30,000 patents and patent applications.

15. Nokia's long history of innovation has resulted in the company being awarded more than 30,000 patents in more than 10,000 patent families.

**THE PATENTS-IN-SUIT AND CLAIMS-IN-SUIT**

16. Ironworks has the exclusive right to sue and the exclusive right to recover damages for infringement of the Patents-in-Suit during all relevant time periods.

17. On February 1, 2005, the '150 Patent entitled "Portable Device" was duly and legally issued by the USPTO. Notably, the '150 Patent survived a motion to dismiss based on a validity challenge under 35 U.S.C. § 101 in the District of Delaware (civil action no. No. 17-1399-RGA).

18. On December 13, 2016, the '269 Patent entitled "Method of giving the user information and portable device" was duly and legally issued by the USPTO.

**COOLPAD'S INFRINGING PRODUCTS**

19. Coolpad has been, and now is, directly infringing claims of the Patents-in-Suit under 35 U.S.C. § 271(a) by making, using, offering for sale, selling, and/or importing the below accused smartphones and other mobile devices in this District and elsewhere in the United States that include the systems claimed in the Patents-in-Suit.

**COUNT I: INFRINGEMENT OF U.S. PAT. 6,850,150 CLAIM 1**

20. Ironworks Patents incorporates by reference the allegations set forth in paragraphs 1 to 19 of this Complaint as though set forth in full herein.

21. Claim 1 of the '150 Patent provides:

| | |
|---|---|
| Preamble to Claim 1 | A portable device, comprising: |

| | |
|---|---|
| Element A | control means for monitoring and controlling the operation of the device; |
| Element B | and a user interface which comprises alarm means for performing a silent alarm producing a silent, invisible, tactile sensation in the user; |
| Element C | wherein the control means are arranged to give the user abstract information on multiple internal operational events of the device by using various alarm patterns of silent, invisible sensations produced by the alarm means and sensed by the user, |
| Element D | the alarm patterns differing from one another such that at least one alarm pattern characteristic sensed by the user varies, said abstract information comprising a notification of a selected item on a menu of the user interface. |

22. Coolpad makes, uses, sells, offers for sale, and imports wireless mobile devices, including mobile smartphones that are mobile stations ("Accused '150 Coolpad Devices"). Coolpad '150 Accused Devices include, for example, at least Coolpad Canvas, Catalyst, Conjr, Cool, Cool Play, Defiant, Legacy, Max, Mega, M3, Note, NX1, Revvl, Roar, Rogue, Shine, and Splatter series devices.

23. Coolpad has and continues to make, use, sell, import, and/or offer for sale the Accused '150 Coolpad Phones that meet each and every element of claim 1 of the '150 Patent.

24. Accused '150 Coolpad Devices are portable devices as described in this claim.

25. Accused '150 Coolpad Devices include a control means (e.g., a microprocessor with Android operating system software) for monitoring and controlling the operation of the device.

26. Accused '150 Coolpad Devices include a user interface, which includes alarm means (e.g., a vibration motor) for performing a silent alarm producing a silent, invisible, tactile sensation (e.g., vibration) in the user.

27. Accused '150 Coolpad Devices' microprocessor and operating system are arranged to give the user abstract information on multiple internal operational events of the device by using various vibration patterns produced by the vibration motor and sensed by the

user.

28. Accused ’150 Coolpad Devices’ vibration patterns differ from one another so that the vibration characteristics sensed by the user varies.

29. The various vibration patterns give Coolpad device users abstract information on internal operational events of the device, including a notification of a selected item on a menu of the user interface.

30. The technology claimed in claim 1 was not well understood, routine, or conventional at the time the application was filed and provided a technological solution to a technological problem rooted in computer technology.

31. Coolpad directly infringes claim 1 of the ’150 Patent when Coolpad makes, imports, uses, sells, and offers for sale the Accused ’150 Coolpad Devices.

32. As a direct and proximate result of Coolpad’s acts of patent infringement, Ironworks Patents has been and continues to be injured and has sustained, and will continue to sustain, damages.

**COUNT II: INFRINGEMENT OF U.S. PAT. 6,850,150 CLAIM 2**

33. Ironworks Patents incorporates by reference the allegations set forth in paragraphs 1 to 32 of this Complaint as though set forth in full herein.

34. Claim 2 of the ’150 Patent provides:

| | |
|---|---|
| Element A | A portable device as claimed in claim 1, wherein the alarm means are a vibrating alarm. |

35. Coolpad has and continues to make, use, sell, import, and/or offer for sale the Accused ’150 Coolpad Phones that meet each and every element of claim 2 of the ’150 Patent.

36. Accused ’150 Coolpad Phones include alarm means that are vibrating alarms

(e.g., haptics/vibration engines).

37. The technology claimed in claim 2 was not well understood, routine, or conventional at the time the application was filed and provided a technological solution to a technological problem rooted in computer technology.

38. Coolpad directly infringes claim 2 of the '150 Patent when Coolpad makes, imports, uses, sells, and offers for sale the Accused '150 Coolpad Devices.

39. As a direct and proximate result of Coolpad's acts of patent infringement, Ironworks Patents has been and continues to be injured and has sustained, and will continue to sustain, damages.

**COUNT III: INFRINGEMENT OF U.S. PAT. 6,850,150 CLAIM 10**

40. Ironworks Patents incorporates by reference the allegations set forth in paragraphs 1 to 39 of this Complaint as though set forth in full herein.

41. Claim 10 of the '150 Patent provides:

| | |
|---|---|
| Element A | A portable device as claimed in claim 1, wherein the portable device is a subscriber terminal in a telecommunication system. |

42. Coolpad has and continues to make, use, sell, import, and/or offer for sale the Accused '150 Coolpad Phones that meet each and every element of claim 10 of the '150 Patent.

43. Accused '150 Coolpad Phones are portable devices that are subscriber terminals in a telecommunication system (e.g., mobile telephones).

44. The technology claimed in claim 10 was not well understood, routine, or conventional at the time the application was filed and provided a technological solution to a technological problem rooted in computer technology.

45. Coolpad directly infringes claim 10 of the '150 Patent when Coolpad makes,

imports, uses, sells, and offers for sale the Accused ’150 Coolpad Devices.

46. As a direct and proximate result of Coolpad’s acts of patent infringement, Ironworks Patents has been and continues to be injured and has sustained, and will continue to sustain, damages.

**COUNT IV: INFRINGEMENT OF U.S. PAT. 9,521,269 CLAIM 1**

47. Ironworks Patents incorporates by reference the allegations set forth in paragraphs 1 through 46 of this Complaint as though set forth in full herein.

48. Claim 1 of the ’269 Patent provides:

| Preamble to Claim 1 | A mobile station comprising: |
|---|---|
| Element A | a user interface configured to enable a user to control operation of the mobile station by manual input and to obtain information on the operation of the mobile station, |
| Element B | a tactile alert device configured to generate a tactile vibration, and |
| Element C | a control circuit configured to control the tactile alert device to generate a first tactile vibration with a first pattern in response to a first event and a second tactile vibration with a second pattern that is distinctly humanly perceptibly different from the first pattern in response to a second event different from the first event, |
| Element D | wherein the first event is correct user manual input. |

49. Coolpad makes, uses, sells, offers for sale, and imports wireless mobile devices, including mobile smartphones that are mobile stations (“Accused ’269 Coolpad Phones”). The Accused ’269 Coolpad Phones include, for example, at least Coolpad Conjr, Legacy, Mega, Revvl, Cool, Cool Play, and Note series devices.

50. Coolpad has and continues to make, use, sell, import, and/or offer for sale the Accused ’269 Coolpad Phones that meet each and every element of claim 1 of the ’269 Patent.

51. Accused ’269 Coolpad Phones are mobile stations.

52. Accused ’269 Coolpad Phones include a user interface configured to enable a user

to control operation of the mobile station by manual input and to obtain information on the operation of the mobile station.

53. Accused ’269 Coolpad Phones include a tactile alert device (e.g., a vibration motor) configured to generate a tactile vibration.

54. Accused ’269 Coolpad Phones include a control circuit configured to control the tactile alert device to generate a first tactile vibration with a first pattern in response to a first event (e.g., a successful fingerprint scan) and a second tactile vibration with a second pattern that is distinctly humanly perceptibly different from the first pattern in response to a second event (e.g., an incoming phone call) different from the first event.

55. The first event is correct user manual input (e.g., a successful fingerprint scan).

56. The technology claimed in claim 1 was not well understood, routine, or conventional at the time the application was filed and provided a technological solution to a technological problem rooted in computer technology.

57. Direct infringement of claim 1 occurs when Coolpad makes, imports, uses, sells, and offers for sale the Accused ’269 Coolpad Phones that meet claim 1 of the ’269 Patent.

58. As a direct and proximate result of Coolpad’s acts of patent infringement, Ironworks Patents has been and continues to be injured and has sustained, and will continue to sustain, damages.

**COUNT V: INFRINGEMENT OF U.S. PAT. 9,521,269 CLAIM 5**

59. Ironworks Patents incorporates by reference the allegations set forth in paragraphs 1 through 58 of this Complaint as though set forth in full herein.

60. Claim 5 of the ’269 Patent provides:

| Element A | The mobile station of claim 1, wherein the second event is an incoming call. |
|---|---|

61. Coolpad has and continues to make, use, sell, import, and/or offer for sale the Accused ’269 Coolpad Phones that meet each and every element of claim 5 of the ’269 Patent.

62. Accused ’269 Coolpad Phones generate a distinctly humanly perceptibly different pattern from the first pattern in response to an incoming call (i.e., second event) that is different from the first event (i.e., correct user manual input).

63. The technology claimed in claim 5 was not well understood, routine, or conventional at the time the application was filed and provided a technological solution to a technological problem rooted in computer technology.

64. Coolpad directly infringes claim 5 of the ’269 Patent when Coolpad makes, imports, uses, sells, and offers for sale the Accused ’269 Coolpad Devices.

65. As a direct and proximate result of Coolpad’s acts of patent infringement, Ironworks Patents has been and continues to be injured and has sustained, and will continue to sustain, damages.

**COUNT VI: INFRINGEMENT OF U.S. PAT. 9,521,269 CLAIM 9**

66. Ironworks Patents incorporates by reference the allegations set forth in paragraphs 1 through 65 of this Complaint as though set forth in full herein.

67. Claim 9 of the ’269 Patent provides:

| Element A | The mobile station of claim 1, wherein the mobile station is a mobile telephone. |
|---|---|

68. Coolpad has and continues to make, use, sell, import, and/or offer for sale the Accused ’269 Coolpad Phones that meet each and every element of claim 9 of the ’269 Patent.

69. Accused ’269 Coolpad Phones are mobile stations that are mobile telephones.

70. The technology claimed in claim 9 was not well understood, routine, or conventional at the time the application was filed and provided a technological solution to a technological problem rooted in computer technology.

71. Coolpad directly infringes claim 9 of the ’269 Patent when Coolpad makes, imports, uses, sells, and offers for sale the Accused ’269 Coolpad Devices.

72. As a direct and proximate result of Coolpad’s acts of patent infringement, Ironworks Patents has been and continues to be injured and has sustained, and will continue to sustain, damages.

**COUNT VII: INFRINGEMENT OF U.S. PAT. 9,521,269 CLAIM 11**

73. Ironworks Patents incorporates by reference the allegations set forth in paragraphs 1 through 72 of this Complaint as though set forth in full herein.

74. Claim 11 of the ’269 Patent provides:

| | |
|---|---|
| Element A | The mobile station of claim 1 further comprising a battery configured to supply power to the mobile station. |

75. Coolpad has and continues to make, use, sell, import, and/or offer for sale the Accused ’269 Coolpad Phones that meet each and every element of claim 11 of the ’269 Patent.

76. Accused ’269 Coolpad Phones include a battery configured to supply power to the mobile station.

77. The technology claimed in claim 11 was not well understood, routine, or conventional at the time the application was filed and provided a technological solution to a technological problem rooted in computer technology.

78. Coolpad directly infringes claim 11 of the ’269 Patent when Coolpad makes,

imports, uses, sells, and offers for sale the Accused '269 Coolpad Devices.

79. As a direct and proximate result of Coolpad's acts of patent infringement, Ironworks Patents has been and continues to be injured and has sustained, and will continue to sustain, damages.

**JURY DEMAND**

Ironworks demands a trial by jury on all issues that may be so tried.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Ironworks requests that this Court enter judgment in its favor and against Defendant Coolpad Technologies Inc. as follows:

A. Adjudging, finding, and declaring that Coolpad has infringed the above-identified claims of each of the Patents-in-Suit under 35 U.S.C. § 271;

B. Awarding the past and future damages arising out of Coolpad's infringement of the Patents-in-Suit to Ironworks in an amount no less than a reasonable royalty, together with prejudgment and post-judgment interest, in an amount according to proof;

D. Adjudging, finding, and declaring that the Patents-in-Suit are valid and enforceable;

E. Awarding attorney's fees, costs, or other damages pursuant to 35 U.S.C. §§ 284 or 285 or as otherwise permitted by law; and

F. Granting Ironworks such other further relief as is just and proper, or as the Court deems appropriate.

DATED: July 18, 2019

Respectfully submitted,

<u>/s/ Alison Aubry Richards</u>
Alison Aubry Richards
IL Bar # 6285669 (*also admitted in ED Texas*)

arichards@giplg.com
Global IP Law Group, LLC
55 West Monroe Street, Suite 3400
Chicago, IL 60603
Telephone: (312) 241-1500

*Attorney for Plaintiff Ironworks Patents, LLC*